TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JENNA W. LONG (Cal. Bar No. 332192)
Assistant United States Attorney
National Security Division
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8692/1019
     Facsimile: (213) 894-0141
     E-mail: jenna.long@usdoj.gov
             laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIJAH ALEXANDER KING, <br><br> Defendant. | No. CR 25-952-JVS <br><br> STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> <br><br> **CURRENT TRIAL DATE:** 1/13/2026 <br> **PROPOSED TRIAL DATE:** 9/15/2026 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Jenna W. Long and Laura A. Alexander, and defendant Elijah Alexander King ("defendant"), both individually and by and through his counsel of

1 record, Deputy Federal Public Defender Shannon M. Coit, hereby
2 stipulate as follows:
3     1.   The Indictment in this case was filed on November 19, 2025.
4 Defendant first appeared before a judicial officer of the court in
5 which the charges in this case were pending on November 6, 2025. The
6 Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
7 trial commence on or before January 28, 2026.
8     2.   On November 25, 2025, the Court set a trial date of January
9 13, 2026, at 8:30 a.m., and a status conference date of January 5,
10 2026, at 9:00 a.m.
11     3.   Defendant is released on bond pending trial. The parties
12 estimate that the trial in this matter will last approximately three
13 to four days.
14     4.   By this stipulation, defendant moves to continue the trial
15 date to September 15, 2026, at 8:30 a.m., and the status conference
16 to August 31, 2026, and 9:00 a.m. This is the first request for a
17 continuance.
18     5.   Defendant requests the continuance based upon the following
19 facts, which the parties believe demonstrate good cause to support
20 the appropriate findings under the Speedy Trial Act:
21         a.   Defendant is charged with violations of 18 U.S.C.
22 § 844(e) (Threats and False Information Regarding Fire and
23 Explosives), 18 U.S.C. § 875(c) (Threats by Interstate
24 Communication), and 18 U.S.C. § 1038(a)(1) (False Information and
25 Hoaxes). The government has produced 1212 pages of discovery to the
26 defense, including investigative reports from state and federal law
27 enforcement, audio and video recordings, phone location data, and
28 legal process. The government is continuing to compile and process

2

to produce additional discovery, including digital device extractions and online account data.

      b.    Defense counsel is presently scheduled to be in the following trials: (1) <u>United States v. Quiñonez</u>, Case No. 25-CR-970-MCS, a single-defendant case including charges for possession of a prohibited firearm and destruction of government property, that is currently scheduled to begin on January 20, 2026, which the parties are requesting to continue to May 19, 2025, and is estimated to last 3 to 4 days; (2) <u>United States v. Vega</u>, Case No. 24-CR-759-JFW, a single-defendant case including charges for drug trafficking, that is currently scheduled to begin on January 27, 2026, and is estimated to last 2 to 3 days, but which the parties may resolve; (3) <u>United States v. Guzman</u>, Case No. 24-CR-289-ODW, a single-defendant case involving possession of a firearm as a felon, that is currently scheduled to begin on January 27, 2026, which the parties are requesting to continue to May 19, 2025 and expect another adjournment if not resolved, and is estimated to last 2 to 3 days; (4) <u>United States v. Brown, et al</u>, Case No. 25-CR-780-SVW, a multi-defendant case that includes charges for doxxing a federal officer, that is currently scheduled to begin on February 24, 2026, and is estimated to last 3 to 4 days; (5) <u>United States v. Hart</u>, Case No. 24-CR-775-AH, a single-defendant case including charges for possession with intent to distribute controlled substances and possession of firearms and ammunition on multiple occasions with multiple charges for using a weapon in furtherance of a charged crime, that is currently scheduled to begin on April 28, 2026, but the parties may request a brief continuance to early summer, and is estimated to last 5 to 7 days; (6) <u>United States v. Crabtree</u>, Case No. 25-CR-870-FLA, a

1 single-defendant case including charges for possession with intent to
2 distribute controlled substances and possession of ammunition, that
3 is currently scheduled to begin on June 23, 2026, and is estimated to
4 last 2 to 3 days; and (7) United States v. Redondo, Case No. 25-CR-
5 847-WLH, a multi-defendant case including charges of robbery and
6 using a firearm in furtherance of the robbery, that is currently
7 scheduled to begin on July 21, 2025, and is estimated to last 3 to4
8 days.  Accordingly, counsel represents that she will not have the
9 time that she believes is necessary to prepare and try this case on
10 the current trial date.
11         c.   In light of the foregoing, counsel for defendant also
12 represents that additional time is necessary to confer with
13 defendant, conduct and complete an independent investigation of the
14 case, conduct and complete additional legal research including for
15 potential pre-trial motions, review the discovery and potential
16 evidence in the case, and prepare for trial in the event that a
17 pretrial resolution does not occur.  Defense counsel represents that
18 failure to grant the continuance would deny her reasonable time
19 necessary for effective preparation, taking into account the exercise
20 of due diligence.
21         d.   Defendant believes that failure to grant the
22 continuance will deny him continuity of counsel and adequate
23 representation.
24         e.   The government does not object to the continuance.
25         f.   The requested continuance is not based on congestion
26 of the Court's calendar, lack of diligent preparation on the part of
27 the attorney for the government or the defense, or failure on the
28

part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 16, 2026 to September 15, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//

```
 1  Trial Act may in the future authorize the exclusion of additional
 2  time periods from the period within which trial must commence.
 3       IT IS SO STIPULATED.
 4  Dated: December 18, 2025        Respectfully submitted,

 5                                  TODD BLANCHE
                                    Deputy Attorney General
 6                                  BILAL A. ESSAYLI
                                    First Assistant United States
 7                                  Attorney

 8                                  IAN V. YANNIELLO
                                    Assistant United States Attorney
 9                                  Chief, National Security Division

10                                  ALEXANDER B. SCHWAB
                                    Assistant United States Attorney
11                                  Acting Chief, Criminal Division

12
                                         /s/ Jenna W. Long
13                                  _____
                                    JENNA W. LONG
                                    LAURA A. ALEXANDER
14                                  Assistant United States Attorneys

15                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
16  Dated: 12/18/25

17
                                    _____
18                                  SHANNON M. COIT
                                    Deputy Federal Public Defender
19
                                    Attorneys for Defendant
20                                  ELIJAH ALEXANDER KING
```

6

**CERTIFICATION OF SHANNON M. COIT**

I am Elijah Alexander King's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than September 15, 2026, is an informed and voluntary one.

_____          12/18/2025
SHANNON M. COIT                          Date
Deputy Federal Public Defender
Attorney for Defendant
ELIJAH ALEXANDER KING

**CERTIFICATION OF DEFENDANT**

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 15, 2026. I understand that I will be ordered to appear in Courtroom 10C of the Federal Courthouse, 411 West 4th Street, Santa Ana, California, 92701-4516 on August 31, 2026, at 9:00 a.m., for the status conference, and on September 15, 2026, at 8:30 a.m., for trial.

_____          12/17/2025
ELIJAH ALEXANDER KING                    Date
Defendant